IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00790-PAB

PHUOC M. TRAN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

**ORDER**

This matter comes before the Court on plaintiff Phuoc M. Tran's motions for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Docket No. 22] and to 42 U.S.C. § 406(b) [Docket No. 28]. Defendant Carolyn W. Colvin (the "Commissioner") opposes an award of fees under the EAJA [Docket No. 23], but not under § 406(b) [Docket No. 29]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)). In the event the Court does award fees under the EAJA, the Commissioner argues that the Court should compensate plaintiff for no more than thirty hours of attorney's fees. Docket No. 23 at 10.

**I. EAJA AWARD**

"[A] claimant may seek to defray the cost of appealing from an agency decision

to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the decision was not supported by substantial evidence. *Tran v. Astrue*, No. 11-cv-00790-PAB, 2012 WL 263478, at *2 (D. Colo. Jan. 30, 2012). Specifically, the ALJ based his decision on (1) his observation that plaintiff was "incredibly vague and evasive" during the hearing; (2) the pre-operative opinion of Dr. Christopher Brian that, after hand surgery, plaintiff would be able to perform fine manipulations within three to five months; (3) the opinion of physician's assistant Tim Johnson that "most individuals are back to normal activities in 3 - 5 months;" (4) the pre-

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

operative opinion of Dr. Laura Moran that plaintiff should be able to lift and carry forty pounds; and (5) the fact that plaintiff did not seek treatment after July 23, 2008. *Id*. at *2-4. Each piece of this evidence was flawed, as explained in the Court's order, and, taken together, the evidence was not substantial. *See id*. The ALJ also failed to consider relevant evidence, namely, the opinion of plaintiff's treating physician, Dr. Hai Bui, regarding plaintiff's chronic hand pain and the evidence that plaintiff lost his health insurance shortly after he stopped receiving medical care. *Id*. at *3-4.

An ALJ may not "rely solely on his personal observations to discredit a plaintiff's allegations." *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000). Nor may an ALJ accord controlling weight to the opinion of a physician's assistant. *Barela v. Astrue*, 2010 WL 5013829, at *3 (D. Ariz. Dec. 3, 2010). "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . that may explain infrequent or irregular medical visits or failure to seek medical treatment," such as whether the claimant is "unable to afford treatment." SSR 96-7p, 1996 WL 374186, at *7-8 (July 2, 1996) (noting that the adjudicator may need to question the claimant at the hearing to determine whether such reasons exist). Finally, the ALJ must "consider all of the available evidence" in "evaluating the intensity and persistence" of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(1).

The Commissioner argues that there was a reasonable basis in law and fact for litigating this appeal because the ALJ "stated that he considered the 'entire record'" even though he "may not have sufficiently articulated an explanation for the weight

given to each piece of evidence he considered." Docket No. 23 at 6, 8. The Commissioner suggests that the pieces of evidence relied on somehow became substantial when taken together, but does not explain why this would be the case. *See* Docket No. 23 at 7 ("However, the ALJ reasonably considered P.A. Johnson's statement merely as one of many factors relevant to Plaintiff's RFC, not as proof that he could perform a particular job"); Docket No. 23 at 8 ("the ALJ did not rely solely on Plaintiff's lack of treatment after July 2008 when finding him not disabled. It was merely one of many factors considered, in light of all other evidence.").

Moreover, the Commissioner does not explain why her position had a reasonable basis in fact given the ALJ's failure to consider relevant evidence. With respect to Dr. Bui's opinion, the Commissioner asserts that "the ALJ's decision reflects his consideration of that evidence and the conclusion that it would not further limit Plaintiff's RFC." Docket No. 23 at 6. However, the Commissioner offers no support for this assertion. *See* R. at 23-24. On the contrary, the ALJ's statement that "[n]o medical source has opined to limitations that would support the claimant's testimony" regarding his pain suggests that, contrary to the Commissioner's assertions, the ALJ disregarded the opinion of Dr. Bui. *See* R. at 232-39 (Dr. Bui's notes documenting plaintiff's ongoing hand problems). Nor does the Commissioner argue for a different interpretation of the cited precedent and regulatory authority under which the ALJ's analysis would have been sufficient. Since the ALJ relied on evidence that did not logically support his determination while disregarding relevant evidence that he was indisputably required to consider under established precedent, the Court finds that the Commissioner's position on appeal was not substantially justified.

4

## II. REASONABLE FEES

Plaintiff requests an award of $6,744.21 to compensate 36.9 hours of work at the rate of $182.77 per hour. Docket No. 22-1 at 5. The Commissioner does not challenge the requested rate, but argues that plaintiff has requested excessive hours. Docket No. 23 at 9-11.

To determine whether the fees requested are reasonable, a court must calculate the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court's goal in awarding attorney's fees is to fix an amount that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987).

To that end, the Court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos*, 713 F.2d at 554. In *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989), the Supreme Court found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." The Court reasoned that such non-legal work may command a lesser rate, but its "dollar value is not enhanced just because a lawyer does it." *Id.* Second, the Court considers whether the amount of

time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

Here, the Court concurs with the Commissioner that time spent preparing documents to e-file, filing documents, and serving documents on opposing counsel is not compensable, especially for an attorney with over thirty years of experience. *See* Docket No. 22-1 at 1-3, 4, ¶ 5; *Jenkins*, 491 U.S. at 288 n.10. The Court will deduct three hours from the requested total of 36.9 to account for this time. The Court finds that the remaining hours requested are reasonable. In addition, the Court finds that the requested rate is reasonable given the experience of Mr. Tran's attorney in this field and the success achieved in this case. Accordingly, the lodestar amount is $6,196 ($182.77 per hour times 33.9 hours).

### III.  42 U.S.C. § 406(b)

Section 406(b) of Title 42 provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," not to exceed twenty-five percent of the total of the past-due benefits awarded to plaintiff. 42 U.S.C. § 406(b)(1). In the event that fees are awarded both pursuant to § 406(b) and the EAJA, plaintiff's attorney must refund the smaller

amount to the claimant.  28 U.S.C. § 2412(d); 42 U.S.C. § 406(b)(1)(A).

Plaintiff has requested an award of fees equal in amount to his EAJA request, pursuant to § 406(b).  Docket No. 28.  The Commissioner does not oppose this request.  Docket No. 29.  Plaintiff was awarded past due benefits in the amount of $68,540.  Docket No. 28 at 3, ¶ 9.  The requested fees are less than twenty-five percent of this total.  Mr. Tran has agreed to pay this award out of his back benefits, as it is less than the twenty-five perfect to be awarded his attorney under a contingent fee agreement.  Docket No. 28-2 at 1, ¶ 2.

Mr. Tran's attorney undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.  Accordingly, the Court will award plaintiff $6,196 pursuant to 42 U.S.C. § 406(b)(1).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Application for Attorney Fees Under the Equal Access to Justice Act [Docket No. 22] filed by plaintiff Phuoc M. Tran is GRANTED in part and DENIED in part.  It is further

**ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 28] filed by plaintiff Phuoc M. Tran is GRANTED in part and DENIED in part.  It is further

**ORDERED** that plaintiff Phuoc M. Tran is awarded attorney's fees pursuant to both the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and 42 U.S.C. § 406(b) in a

total amount of $12,392.00.

DATED April 25, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge